UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| FRESHAWNA M. BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-534 |
| | ) | |
| MEGAN J. BRENNAN, | ) | |
| Postmaster General, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court *sua sponte*. On December 27, 2016, the plaintiff, Freshawna Bryant, filed a Complaint. Bryant had not filed returns of summons showing service on the defendant. Therefore, on March 3, 2017, the court ordered that she file a Status Report by March 24, 2017, regarding service of process as to the defendant. Bryant did not file a Status Report as ordered. On April 17, 2017, the court then filed a Notice pursuant to **Federal Rule of Civil Procedure 4(m)** that a failure to complete service of process warranted dismissal. Bryant filed Notice of Service of Process on Megan J. Brennan [DE 10] on May 1, 2017, which indicated that she had properly served process on Brennan.

However, neither the docket nor the Notice filed by Bryant reflects proof of service in accordance with **Federal Rule of Civil Procedure 4(i)**, which sets forth the requirements for "Serving the United States and its Agencies, Corporations, Officers, or Employees." Pursuant to **Rule 4(i)**, in order to effectively serve the United States and its agencies, the plaintiff must serve the United States Attorney for the district in which the action is brought (or Assistant United States Attorney, clerk, or service process clerk designated by the U.S. Attorney), the Attorney

General of the United States, and the agency. The docket fails to show that the necessary summonses were executed as required.

Therefore, it is **RECOMMENDED** that this matter be dismissed for lack of service. Pursuant to **28 U.S.C. 636(b)(1)**, the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *Willis v. Caterpillar, Incorporated*, 199 F.3d 902, 904 (7th Cir. 1999); *Johnson v. Zema Systems Corporation*, 170 F.3d 734, 739 (7th Cir. 1999); *Hunger v. Leininger*, 15 F.3d 664, 668 (7th Cir. 1994); *The Provident Bank v. Manor Steel Corporation*, 882 F.2d 258, 260-61 (7th Cir. 1989); *United States v. Johnson*, 859 F.2d 1289, 1294 (7th Cir. 1988); *Lebovitz v. Miller*, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 8th day of May, 2017.

/s/ Andrew P. Rodovich
United States Magistrate Judge