UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| FRESHAWNA BRYANT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 2:16 CV 534 |
|  | ) |  |
| MEGAN J. BRENNAN, | ) |  |
| POSTMASTER GENERAL, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**OPINION and ORDER**

I.  **BACKGROUND**

This case stems from the former employment relationship between plaintiff Freshawna Bryant and the United States Postal Service, represented in this suit by defendant Megan J. Brennan, Postmaster General. Plaintiff's complaint alleges that defendant discriminated against her on the basis of her race and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5 *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("Section 1981").

Defendant moved for summary judgment on October 25, 2018. (DE # 32.) Plaintiff, who is represented by counsel, failed to respond. Defendant moved for summary ruling. (DE # 34.) The motions are now ripe for ruling.

II.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 56 allows for the entry of summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of

proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.,* 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex,* 477 U.S. at 325.

Because plaintiff failed to file a response to defendant's motion for summary judgment, defendant is entitled to summary ruling on the motion – that is, a ruling without the benefit of plaintiff's response. However, even in a summary ruling posture, the court must find that "given the undisputed facts, summary judgment is proper as a matter of law." *Wienco, Inc. v. Katahn Assoc., Inc.,* 965 F.2d 565, 568 (7th Cir. 1992).

## III.  DISCUSSION

The legal analysis for discrimination claims under Title VII and Section 1981 is identical, so the court merges its discussion of the two claims. *Smith v. Chicago Transit Auth.,* 806 F.3d 900, 904 (7th Cir. 2015). Little discussion is required, however.

It is well-known that for a discrimination claim to survive the summary judgment phase, the evidence must permit a reasonable factfinder to conclude that the plaintiff's race or gender (or other proscribed factor) caused an adverse employment action. *Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760, 765 (7th Cir. 2016). The burden-

shifting framework articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), may assist a plaintiff in convincing a court that the evidence permits such a conclusion, but that framework requires a plaintiff to establish a prima facie case of discrimination and, ultimately, pretext, in order to be successful. *Id.* Plaintiff has not attempted to take advantage of *McDonnell Douglas*, and, in any case, the court sees no support for any such argument in the record. Nor is there any evidence from which a reasonable factfinder could more generally conclude that plaintiff's race or gender caused an adverse employment action. *Ortiz,* 834 F.3d at 765.

Plaintiff ultimately bears the burden of proof on the question of discrimination. *St. Mary's Honor Ctr. v. Hicks,* 509 U.S. 502, 511 (1993). Thus, by pointing out an absence of evidence on the question of discrimination, defendant has discharged her own burden in connection with her motion for summary judgment. *Celotex,* 477 U.S. at 325.

## IV. CONCLUSION

Defendant's motion for summary judgment (DE # 32) and motion for summary ruling (DE # 34) are **GRANTED.** The court directs the Clerk to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendant Megan J. Brennan, Postmaster General, and against plaintiff Freshawna Bryant, who shall take nothing by way of the complaint.

**SO ORDERED.**

Date: September 19, 2019

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT